UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __05/11/26__
```

MARCOS ALVAREZ,

           Plaintiff,

    -against-

67 BIG WONG RESTAURANT INC., *et al.*,

           Defendants.

25-CV-1300 (VSB) (BCM)

**ORDER RESCHEDULING INITIAL CASE MANAGEMENT CONFERENCE**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff filed this wage and hour action on February 12, 2025. Fifteen months later, it appears that the case is finally ripe for an initial case management conference, which will take place on **June 11, 2026, at 10:00 a.m.**, in Courtroom 20A, 500 Pearl Street, New York.  The parties' obligations in connection with that conference are set forth below.

### Background

Plaintiff's original complaint (Original Complaint) (Dkt 1) named defendants 67 Big Wong Restaurant Inc., Fook S. Chan, Judy Chan, and Wong Hong (together, Original Defendants). On March 12, 2025, attorney Morton S. Minsley filed a notice of appearance on behalf of the Original Defendants (Dkt. 6), but did not file an answer or other response to the Original Complaint. The district judge referred the case to mediation, but no mediation occurred. (Dkts. 7-8.) On December 16, 2025, the district judge referred the case to me for general pretrial management. (Dkt. 10.) On December 17, 2025, I issued an Order Scheduling Initial Case Management Conference (12/17/25 Order) (Dkt. 11), setting the initial case management conference for January 22, 2026.

That conference never happened. On January 23, 2026 (after the Original Defendants failed to participate in preparing a joint case management plan, as required by the 12/17/25 Order), Mr. Minsley submitted a letter indicating that he did *not* represent the Original Defendants, who were believed to be the prior owners of the subject restaurant, and that *his* clients (presumably the

current owners of the restaurant) were not named in this matter. (Dkt. 15.) Mr. Minsley advised that he entered his appearance solely to "monitor the status of the case while [he] investigated the facts and circumstances." *Id.* On January 26, 2026, the Court ordered Mr. Minsley to either participate in the preparation of the joint pre-conference statement or move to withdraw from his representation of the Original Defendants no later than February 19, 2026. (Dkt. 16.) On February 20, 2026, after Mr. Minsley did neither, the Court extended his deadline to do so (or to show cause for his failure in writing) until February 23, 2026. (Dkt. 17.)

Later that same day, plaintiff informed the Court by letter of his intent to file an amended complaint naming Big Wong Mott St Inc. (Big Wong) and Tin Fook William Li (Li) as defendants. (Dkt. 18.) According to plaintiff, Big Wong and Li were confirmed to be necessary parties and "appear to be [Mr. Minsley's] clients." *Id.* On February 23, 2026, Mr. Minsley filed a letter requesting that the Court issue a schedule for plaintiff's amended complaint, after which he would discuss what course his clients wished to take. (Dkt. 19.) Construing Mr. Minsley's letter as defendants' consent to the amended pleading, the Court directed plaintiff to file the amended complaint no later than March 10, 2026. (Dkt. 20.)

On March 3, 2026, plaintiff filed his First Amended Complaint (FAC) (Dkt. 21), naming Big Wong and Li only. The FAC does not assert any claims against the Original Defendants. *Id.* Electronic summonses issued on March 30, 2026 (Dkts. 25, 26), and Big Wong and Li were served on April 3, 2026 (Dkts. 27, 28), making their answer, or other response to the FAC, due April 24, 2026.

When Big Wong and Li failed to meet that deadline, plaintiff submitted a proposed certificate of default as to both of them (Dkt. 29), which was issued by the Clerk on April 28, 2026. (Dkt. 31.) On May 6, 2026, Mr. Minsley filed a notice of appearance on behalf of Big Wong and

Li (Dkt. 32), but thus far has failed to make any effort to vacate the entry of default against his clients or respond to the FAC.[1]

### Scheduling

The case may now be ready to move forward. Consequently, it is hereby **ORDERED** that an initial conference in accordance with Fed. R. Civ. P. 16 will be held on **June 11, 2026, at 10:00 a.m.**, in Courtroom 20A, 500 Pearl Street, New York. This is an in-person proceeding. Lead counsel for all parties must appear.

It is further **ORDERED** that, no later than **June 4, 2026** (one week prior to the conference), the parties must file a joint Pre-Conference Statement, via ECF, signed by or on behalf of counsel for all parties. The Pre-Conference Statement must address all of the subjects set forth in the 12/17/25 Order. In addition, it must address (i) what, if anything, the parties intend to do about the entry of default against the defendants; (ii) when, if at all, defendants intend to answer or otherwise respond to the FAC; and (iii) whether the Court should once again mandate "early" mediation.

Except as modified above, all provisions of the 12/17/25 Order remain in effect.

Dated: New York, New York       **SO ORDERED.**
       May 11, 2026

**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] The Clerk of Court is respectfully directed to note that attorney Tinsley appeared on behalf of defendant Big Wong Mott St Inc., as well as defendant Tin Fook William Li, and consequently should be listed as attorney of record for both of these defendants.